UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---------------------------------------------------------------x
**STACIE MERCHANT,**

        **Plaintiff,**

   -against-

**NATIONAL MANAGEMENT RECOVERY CORP.,**

        **Defendants.**
---------------------------------------------------------------x

**4:16-cv-3188**

**JURY COMPLAINT**

The plaintiff STACIE MERCHANT ("Plaintiff"), by her attorney Sameer Birring of the Birring Law Firm, P.C., as and for her complaint against the defendant NATIONAL MANAGEMENT RECOVERY CORP. ("Defendant") alleges as follows, upon information and belief:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory, and exemplary damages, and statutory attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392 *et seq*. ("TDCA"), and the common law claim of unreasonable collection.

2. The plaintiff alleges that the defendant violated these consumer protection laws by calling her and threatening to file criminal charges against her if she did not immediately repay a consumer debt. The defendant knew that it could not legally take such an action and claimed it could in an attempt to deceive and harass her.

3. The plaintiff was damaged by the defendant's conduct and, pursuant to the FDCPA and

1

TDCA, is entitled to recover actual damages, statutory damages, attorney's fees, and costs incurred in bringing this action. The plaintiff is also entitled to an award of exemplary damages pursuant to her claim of unreasonable collection.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is conferred by 15 U.S.C. § 1692(k). This Court has supplemental jurisdiction of the state law claims asserted herein under 28 U.S.C. § 1367(a). Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. The plaintiff is an individual residing in Huntsville, Texas and a "consumer" within the meaning of the FDCPA and TDCA.

6. National Management Recovery Corp. ("NMRC") is a Florida corporation and a "debt collector" as defined by the FDCPA [15 U.S.C. § 1692a(6)] and TDCA [Tex. Fin. Code § 392.001(6)], as well as a "third-party debt collector" as defined by the TDCA [Tex. Fin. Code § 392.001(7)]. NMRC's principal place of business is 5571 N University Drive, #204, Coral Springs, FL 33067. NMRC is registered as a debt collector with the Texas Secretary of State.

## FACTUAL BACKGROUND

7. In November 2015, NMRC called the plaintiff to collect on a consumer debt Plaintiff allegedly owed to Ace Cash Express ("Ace").

8. During this phone call, the employee of NMRC who spoke with Plaintiff claimed to be calling from the Walker County Courthouse and stated that he or she was preparing to "file charges" against her for "check fraud."

9. During this call, NMRC claimed that they had been to Plaintiff's house several times in

an attempt to "serve papers" on her.

10.  NMRC also told plaintiff that if she did not pay the alleged debt within sixty minutes, that NMRC would "file charges" against her for check fraud.

11.  When NMRC placed this phone call to defendant, nobody from NMRC or representing NMRC was actually at the Walker County Courthouse. NMRC knew that this statement was false.

12.  When NMRC placed this phone call to defendant, they had not actually sent anyone to Plaintiff's house to attempt to serve any process on her.

13.  When NMRC placed this phone call to Plaintiff and threatened to file charges against her within an hour, NMRC was not actually intending to file charges against her within an hour.

14.  To date, NMRC has not actually filed any charges against the Plaintiff.

15.  When NMRC placed this phone call to defendant and threatened to file charges against her for "check fraud," NMRC knew that it could not actually take such action.

16.  Plaintiff was out of town in Waco when she received the phone call, and immediately began heading back to her home in Huntsville when she received NMRC's phone call in an attempt to pay.

17.  At the time of the phone call, Plaintiff was eight months pregnant. NMRC's phone call frightened Plaintiff into thinking she could go to jail while she was pregnant.

18.  NMRC's false and deceptive claims that it was at the Walker County Courthouse and threats to file criminal charges against Plaintiff caused her serious emotional distress.

**FIRST CAUSE OF ACTION**
VIOLATION OF THE FDCPA
Against NMRC

19. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

20. The plaintiff is a "consumer" as that term is used in 15 U.S.C. § 1692a(3).

21. Defendant NMRC is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

22. The alleged debt underlying the plaintiff's complaint is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

23. NMRC violated 15 U.S.C. § 1692e(7) by falsely implying that the consumer committed a crime, namely a crime concerning "check fraud."

24. NMRC violated 15 U.S.C. § 1692e(10) by falsely stating that it was at the Walker County Courthouse.

25. NMRC violated 15 U.S.C. § 1692e(5) by threatening to "file charges" against her within sixty minutes if she did not pay a debt, when NMRC did not intend to file such charges.

26. NMRC violated 15 U.S.C. § 1692e(10) by falsely stating that it had been to her house several times in an attempt to serve process.

27. NMRC violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect a debt, in particular falsely claiming to be calling from the Walker County Courthouse, claiming that it would file charges against her within sixty minutes when it had no intention of doing so, and claiming that it could file criminal charges against her.

28. As a result of NMRC's unlawful conduct the plaintiff suffered significant emotional distress.

29. NMRC is thus liable to the plaintiff for statutory and actual damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## **SECOND CAUSE OF ACTION**
VIOLATION OF THE TDCA
Against NMRC

30. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

31. The plaintiff is a "consumer" as that term is used in Tex. Fin. Code § 392.001(1).

32. Defendant NMRC is a "debt collector" and a "third-party debt collector" within the meaning of Tex. Fin. Code § 392.001.

33. The alleged debt underlying the plaintiff's complaint is a "consumer debt" within the meaning of Tex. Fin. Code § 392.001(2).

34. NMRC violated Tex Fin. Code § 392.301(a)(2) by falsely threatening to accuse the plaintiff of fraud.

35. NMRC violated Tex Fin. Code § 392.301(a)(6) by falsely threatening to file criminal charges against the plaintiff.

36. NMRC violated Tex Fin. Code § 392.304(a)(9) by falsely stating that it was calling from the Walker County Courthouse.

37. NMRC violated Tex Fin. Code § 392.304(a)(19) by falsely stating that it was calling from the Walker County Courthouse, that it would file charges against the Plaintiff within sixty minutes if she did not pay the debt, and by falsely stating that it had been to her house several times in an attempt to serve process.

5

38. As a result of NMRC's unlawful conduct, the plaintiff significant emotional distress damages.

39. NMRC is thus liable to the plaintiff for actual damages in an amount to be determined by the trier of fact, statutory damages of $100 per violation, as well as the plaintiff's attorney's fees and costs pursuant to Tex. Fin. Code § 392.403. The plaintiff also is entitled to and seeks injunctive relief under Tex. Fin. Code § 392.403.

## THIRD CAUSE OF ACTION
UNREASONABLE COLLECTION
Against NMRC

40. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

41. Under the common law, unreasonable collection involves "efforts that amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." (Spencer v Hughes Watters Askanase, LLP, 2016 US Dist LEXIS 53659, at *23 [WD Tex Apr. 21, 2016, No. 5:16-CV-062-DAE].)

42. NMRC's actions in falsely claiming that it was calling from the Walker County Courthouse, falsely claiming that it would file charges for fraud within an hour if the debt was not paid, and falsely claiming that it had attempted to serve process constitute the tort of unreasonable collection, which allows for the recovery of actual, and exemplary damages.

43. The plaintiff's injuries resulted from the willful, wanton, and malicious activity of NMRC, which entitles the plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a).

**PRAYER FOR RELIEF**

44. For these reasons, the plaintiff seeks judgment against defendant for the following:

45. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k (FDCPA)

46. Statutory damages of $100 per violation of the TDCA, pursuant to Tex. Fin. C. § 392.403(e);

47. Actual damages;

48. Exemplary damages;

49. Attorneys fees and costs;

50. Costs of court; and

51. Injunctive relief.

**JURY DEMAND**

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: October 28, 2016                    Respectfully submitted,

/s/ Sameer S. Birring
Sameer S. Birring
*Attorney-in-Charge for Plaintiff*
Birring Law Firm, P.C.
43 West 43rd Street, Suite 134
New York, NY 10036
Tel: (646) 801-2712
Fax: (646) 798-0110
sameer@birringlaw.com
Texas State Bar Number 24087169
Southern District Federal ID Number 2905319